Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RANOKHON USMANOVA, individually and on behalf of all
others similarly situated,

                                         Plaintiff,

                        -against-

MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN
GRILL, and MONIREH TEHRANI and MASOUD TEHRANI, as
individuals,

                                  Defendants.
------------------------------------------------------------------------X

**COLLECTIVE
ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

1. Plaintiff, RANOKHON USMANOVA, individually and on behalf of all others
similarly situated, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F.
Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon
information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, RANOKHON USMANOVA, individually and on behalf of all others
similarly situated, through undersigned counsel, brings this action against MR.
KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, and MONIREH
TEHRANI and MASOUD TEHRANI, as individuals, (hereinafter referred to as
"Defendants"), to recover damages for egregious violations of federal and state
minimum wage and overtime, arising out of Plaintiff's employment at MR. KABOB
RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL located at 11 E. 30ᵗʰ Street,
New York, NY 10016.

4b4b52b7fc5ca0d5

3. Plaintiff RANOKHON USMANOVA has been employed by Defendants at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL as a waitress, and performing other miscellaneous tasks from in or around August 2009 until the present.

4. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff RANOKHON USMANOVA, residing at 2135 78th Avenue, East Elmhurst, NY 11370, has been employed by Defendants at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL from in or around August 2009 until the present.

10. Upon information and belief, Defendant, MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, is a corporation organized under the laws of New York with a principal executive office at 11 E. 30th Street, New York, NY 10016.

11. Upon information and belief, Defendant, MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, is a corporation authorized to do business under the laws of New York.

12. Upon information and belief, Defendant MONIREH TEHRANI owns and/or operates MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

13. Upon information and belief, Defendant MONIREH TEHRANI is the Chief Executive Officer of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

14. Upon information and belief, Defendant MONIREH TEHRANI is an agent of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

15. Upon information and belief, Defendant MONIREH TEHRANI has power over personnel decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

16. Upon information and belief, Defendant MONIREH TEHRANI has power over payroll decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

17. Upon information and belief, Defendant MONIREH TEHRANI has the power to hire and fire employees at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, establish and pay their wages, set their work schedule, and maintains their employment records.

18. During all relevant times herein, Defendant MONIREH TEHRANI was Plaintiff's employer within the meaning of the FLSA and NYLL.

19. Upon information and belief, Defendant MASOUD TEHRANI owns and/or operates MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

20. Upon information and belief, Defendant MASOUD TEHRANI is the Chief Executive Officer of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

21. Upon information and belief, Defendant MASOUD TEHRANI is an agent of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

22. Upon information and belief, Defendant MASOUD TEHRANI has power over personnel decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

23. Upon information and belief, Defendant MASOUD TEHRANI has power over payroll decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

24. Upon information and belief, Defendant MASOUD TEHRANI has the power to hire and fire employees at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN

GRILL, establish and pay their wages, set their work schedule, and maintains their employment records.

25. During all relevant times herein, Defendant MASOUD TEHRANI was Plaintiff's employer within the meaning of the FLSA and NYLL.

26. On information and belief, MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

27. Plaintiff RANOKHON USMANOVA has been employed by Defendants at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL from in or around August 2009 until the present.

28. During Plaintiff RANOKHON USMANOVA'S employment by Defendants at RAVAGH PERSIAN GRILL, Plaintiff's primary duties have been as a waitress, and performing other miscellaneous tasks.

29. Plaintiff RANOKHON USMANOVA was paid by Defendants approximately $30.00 per day from in or around March 2013 until in or around December 2015, and has been paid approximately $350.00 per week from in or around January 2016 until the present.

30. Plaintiff has worked approximately seventy-two (72) hours or more per week during her employment by Defendants from in or around March 2013 until the present.

31. Defendants failed to pay Plaintiff RANOKHON USMANOVA the legally prescribed minimum wage for her hours worked from in or around March 2013 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

32. Furthermore, although Plaintiff RANOKHON USMANOVA has worked approximately 72 (seventy-two) hours or more per week from in or around March

2013 until the present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

35. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

37. Collective Class: All persons who are or have been employed by the Defendants as waitresses, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages, overtime wages, and spread of hours compensation.

38. Upon information and belief, Defendants employed between 20 and 40 employees within the past three years subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

40. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work for less than minimum wage rates as specified under the FLSA and NYLL.

41. Defendants' unlawful conduct has been widespread, repeated, and consistent.

42. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

43. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class received less than minimum wages.

44. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

45. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime compensation in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

46. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

47. The claims of Plaintiff are typical of the claims of the putative class.

48. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

52. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

55. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiff.

56. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

63. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

64. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

65. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

66. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

67. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

68. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
**Minimum Wages Under New York Labor Law**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

71. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

72. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

73. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

74. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

77. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

80. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiff unpaid overtime wages;

    c. Awarding Plaintiff unpaid minimum wages;

    d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    e. Awarding Plaintiff prejudgment and post-judgment interest;

    f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

    g. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 11th day of March of 2019.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANOKHON USMANOVA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, and MONIREH
TEHRANI and MASOUD TEHRANI, as individuals,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL**
**11 E. 30th Street**
**New York, NY 10016**

**MONIREH TEHRANI**
**11 E. 30th Street**
**New York, NY 10016**

**MASOUD TEHRANI**
**11 E. 30th Street**
**New York, NY 10016**