

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

March 9, 2020

**VIA ECF**
The Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: **Usmanova, et al. v. Mr. Kabob Restaurant, Inc., et al.**
        **19-CV-2212 (SDA)**

Dear Judge Aaron:

    We represent the Plaintiffs in the above-referenced matter and we submit this joint motion for approval of the Settlement Agreement (attached hereto as **Exhibit 1**). Pursuant to the Court's February 7, 2020 Order, the parties provide the following information to aid the Court in determining whether the settlement is fair and reasonable:

**The Settlement Terms**

    The parties agreed to resolve this matter for $55,000.00 payable in three monthly installments at the Settlement Conference before Your Honor on February 6, 2020.

**Plaintiffs' Claims**

    Plaintiffs, Ranokhon Usmanova ("Usmanova") and Jose Luis Gordillo Jimenez ("Jimenez") (collectively, "Plaintiffs"), are former employees of Mr. Kabob Restaurant, Inc d/b/a Ravagh Persian Grill. Usmanova was employed by Defendants for approximately seven years. Jimenez was employed by Defendants for approximately two years.

    Plaintiffs alleged that Defendants failed to pay Plaintiffs the applicable minimum wage during their employment. Plaintiff Usmanova also alleged that Defendants failed to pay Plaintiffs proper overtime wages when Plaintiffs worked in excess of forty (40) hours per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Both Plaintiffs also alleged violations under the NYL for Defendants' failure to provide accurate wage notices and wage statements in violation of § 195.

**Defendants' Defenses**

Starting in or about July 2015, the company implemented a fingerprint time clock system and utilized the services of an outside payroll company.

In accordance with state and federal law, the company paid its employees time and a half for overtime and an additional hour pay if an employee worked more than 10 hours a day. Plaintiffs received substantial tips throughout their employment, as confirmed in their document production in this case. Plaintiffs earned more than enough in tips to cover the tip credit amount.

In January 2016 there was a fire in the restaurant's basement/kitchen area. The restaurant remained closed through April 2016. Plaintiffs did not work for defendants during this time.

Usmanova alleges she worked 72 hours each week from March 2013 to present. Yet, the time and pay records that she herself produced in this litigation for 2017–2019 reveal she rarely worked 72 hours over a 2 week pay period.

Instead, Usmanova typically worked around 35-45 hours per week. Usmanova received an hour lunch break for each full day she worked. The time and pay records demonstrate the company paid Usmanova time and a half for weekly hours over 40 and also spread of hours pay on those occasions she worked 10 hours in a day.

Gordillo did not work overtime and never worked more than 10 hours a day. Gordillo worked from the re-opening in April of 2016 to January 2017 when he was out on workers' compensation leave. He returned in March 2017 and continued to work for Ravagh until October 7, 2017. In total, he only worked 88 weeks.

**Defendants' Potential Monetary Exposure/Plaintiffs' Range of Recovery**

**Plaintiffs' Position:** After careful review of Defendants' production of time and pay records, Plaintiffs' calculation of damages was approximately $160,000.00 for both Plaintiffs. This figure included all alleged unpaid wages, liquidated damages, and statutory penalties. As such, Plaintiffs' range of recovery was $0.00 to $160,000.00.

**Defendants' position:** In responding to plaintiffs' reported range of recovery, defendants believe the recovery would be far closer to $0 than $160,000.

**Strengths and Weaknesses of Plaintiffs' Case and Defendants' Defenses**

**Plaintiffs' Position:** Plaintiffs believe that their claims are strong in light of the paucity of records maintained by Defendants for early period of Usmanova's employment. Plaintiffs however acknowledged the records maintained for the later period of Usmanova's employment and for the entire period of Jimenez' employment.

**Defendants' Position:** The hours worked by Usmanova before the cited records was similar to those worked during the later period.

## Other Factors in Support of Finding that the Settlement is Fair and Reasonable

Although Plaintiffs were confident that they would succeed on their claims should this matter have gone to trial, there were a number of factors that supported settling at the February 6, 2020 conference.

The parties had yet to begin formal discovery in this matter. Plaintiffs' estimated that a trial date was at least one year away. Should the matter have gone to trial, Plaintiffs would have taken multiple days off from their current jobs and Plaintiffs would have incurred significant expenses preparing exhibits for trial and hiring court-licensed translators for each Plaintiff.

As a result, settlement at this early juncture of the case relieves both parties of the significant burdens and expenses that would have been otherwise incurred during the course of discovery and possible trial.

Plaintiffs' preference was to secure a settlement at amount lower than their claimed damages early in the litigation process rather than risk going to trial at a significantly later date in the future. Furthermore, Plaintiffs' recovery is squarely in the range of potential recovery based on the aforementioned calculations.

## Plaintiffs' Counsel's Attorneys Fees

The parties agreed to settle this matter for a global settlement of $55,000.00.

Plaintiffs' counsel respectfully requests $460.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of serving the Defendants through their process server, Anke Judicial Services ($45.00), and postage fees ($15.00).

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($54,540.00), or approximately $18,180.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $18,640.00.

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Copies of Plaintiffs' signed retainers are attached hereto as **Exhibit 2**.

Here, Plaintiffs' counsel is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

However, as Your Honor has requested Plaintiffs' contemporaneous billing records, please see the records and qualifications of counsel attached hereto as **Exhibit 3**. Plaintiffs' attorneys fees via the lodestar method are $12,040.00. Plaintiffs' counsel spent a combined 34.6 attorney hours and 10.0 paralegal hours working on this matter from intakes of the clients in 2018 through finalizing settlement in 2020.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for his continued consideration on this matter.

Respectfully submitted,

/s/
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
(T): 718-263-9591